# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTINE J. RABIDEAUX,**

        **Plaintiff,**

        v.                                         Case No. 09-C-680

**CLEAN POWER and**
**DETECTIVE BARTELS,**

        **Defendant.**

## ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

On July 9, 2009, Christine J. Rabideaux ("Rabideaux"), proceeding pro se, filed a complaint against Clean Power and a defendant identified only as "Detective Bartels." (Docket No. 1.) Accompanying her complaint was a motion for leave to proceed in forma pauperis. (Docket No. 2.)

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, this does not mean that the court is required to accept without question the truth of the plaintiff's allegations. Denton, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

However, a claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently

2

detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint.

Rabideaux's "wrongful arrest" claim may be construed as an alleged violation of her Fourth Amendment right to be free from unreasonable searches and seizures. Accordingly, it falls within 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Broadly construing the plaintiff's complaint, as the court must at this preliminary stage, the court is unable to conclude that Rabideaux's claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Accordingly, the court shall grant Rabideaux's request to proceed in forma pauperis as to her "wrongful arrest" claim against "Detective Bartels." However, for the reasons set forth below, the court shall not yet grant Rabideaux's motion to proceed in forma pauperis as to this claim.

As for Rabideaux's discrimination claims, the court construes Rabideaux's complaint as alleging that she was terminated from her employment with Clean Power due to her race and

3

disability. A claim of racial discrimination in employment is generally regarded as a claim falling under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Similarly, the court construes Rabideaux's disability claim as an allegation that she was terminated from her employment due to her disability, in violation of the Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a). Both of these statutes require that a plaintiff exhaust available administrative remedies prior to filing suit in court. Even if a plaintiff has exhausted applicable administrative remedies, there are strict time limits as to when a civil action must be filed following the completion of the administrative process. 42 U.S.C. § 2000e-5(f)(1).

Although Rabideaux does allege that she filed a complaint with the Equal Rights Division and "[t]h case was also reviewed by the EEOC," she does not specifically allege which claims she presented to these administrative agencies, if these agencies issued a "right to sue" letter, and if so, when that letter was issued. Generally, rather than including all this information in the complaint, the easiest way to provide this information is by attaching the "right to sue" letter to a complaint. However, Rabideaux failed to provide this essential information to the court. Accordingly, the court lacks sufficient information to conduct a preliminary evaluation of Rabideaux's discrimination claims. Therefore, the court shall permit Rabideaux 30 days in which to submit an amended complaint to which a "right to sue letter" is attached or, alternatively, all essential information is included in her complaint.

Although it might be possible to construe Rabideaux's complaint as alleging that she was arrested by "Detective Bartels" due to her race, the court finds her complaint insufficient to raise this allegation. If this is an allegation that Rabideaux intends to make, she shall file an amended complaint within 30 days of this order in which she clearly articulates an allegation of discrimination with respect to "Detective Bartels."

As for her slander, defamation of character, and false accusation claims, the complaint fails to allege sufficient facts to indicate that these claims would constitute violations of federal law. Further, the complaint fails to contain allegations sufficient to permit the court to exercise its jurisdiction on the basis of the diversity of the parties. See 28 U.S.C. § 1332; Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 676 (7th Cir. 2006). Therefore, the only way these complaints may be pursued in federal court is if they constitute violations of state law, thereby making it appropriate for the court to exercise its supplemental jurisdiction over these claims due the fact that they are related to the plaintiff's underlying federal law claims. See 28 U.S.C. § 1367.

Slander is one form of defamation, and thus, although alleged separately, Rabideaux's complaint actually presents only a single claim. "False accusations," without more, does not present a cognizable civil cause of action, and thus shall not be addressed further. Therefore, the court shall simply refer to Rabideaux's defamation claim. Under Wisconsin state law, a defamation claim has three elements:

> (1) the statement must be false;
> (2) the statement must be communicated by speech, conduct or in writing to a person other than the person defamed; and
> (3) the communication must be unprivileged and tend to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

Schindler v. Seiler, 474 F.3d 1008, 1010 (7th Cir. 2007) (citing Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 563 N.W.2d 472, 477 (Wis. 1997)).

Although a plaintiff is generally required to present only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in a complaint, certain types of claims require more detailed pleadings. Under Wisconsin law, defamation claims require that "the particular words complained of shall be set forth in the complaint." Wis. Stat. § 802.03. The complaint is devoid of the "particular words complained of" and therefore the court cannot permit Rabideaux's complaint to proceed on this claim. Accordingly, Rabideaux's defamation claim

shall be dismissed. However, if Rabideaux seeks to continue with this claim, the court shall permit Rabideaux's 30 days from the date of this order in which to file an amended complaint in which she complies with Wis. Stat. § 802.03. Further, any amended complaint that Rabideaux may file shall clearly articulate which defendant(s) she is alleging defamed her.

Finally, there is Rabideaux's wrongful termination claim which again is viable in this court, if at all, only by way of to this court's supplemental jurisdiction.

> Wisconsin, like many states, adheres to the doctrine of employment-at-will. The doctrine provides that when the terms of employment are indefinite, the employer may discharge an employee for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of legal wrong. Generally, at-will employees cannot pursue legal claims stemming from routine dissatisfactions with the terms and conditions of employment or an employer's unjustified decision to terminate the employment relationship. Courts will not second guess employment or business decisions, even when those decisions appear ill-advised or unfortunate. This common-law doctrine has been a stable fixture of [Wisconsin] law since 1871.

Strozinsky v. School Dist., 2000 WI 97, ¶33, 237 Wis. 2d 19, 614 N.W.2d 443 (citations and quotation marks omitted).

However, the Wisconsin Supreme Court has recognized a narrow public policy exception to this general rule whereby an employee may pursue a claim for wrongful discharge if the employee's discharge "is contrary to a fundamental and well-defined public policy as evidenced by existing law." Brockmeyer v. Dun & Bradstreet, 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (1983).

> Plaintiffs seeking relief under this narrow exception must: (1) first identify a fundamental and well defined public policy in their complaint sufficient to trigger the exception to the employment-at-will doctrine; and (2) then demonstrate that the discharge violated that fundamental and well defined public policy. Once the plaintiff satisfies these first two steps, the burden shifts to the employer to show that the discharge actually was sparked by just cause.

Strozinsky, 2000 WI 97, ¶37, 237 Wis. 2d 19, 614 N.W.2d 443 (footnote and citations omitted). The "fundamental and well-defined public policy" allegedly violated by the plaintiff's termination is an essential element that must be set out in the complaint. Newell v. Wis. Teamsters Joint Council No. 39, 2007 U.S. Dist. LEXIS 9668, 14-16 (E.D. Wis. 2007). Rabideaux's complaint lacks

6

such an allegation and accordingly cannot proceed. However, if Rabideaux seeks to continue with this claim, the court shall again permit Rabideaux 30 days in which to file an amended complaint in which she alleges "the fundamental and well-defined public policy" that was violated in her allegedly wrongful termination. If Rabideaux files an amended complaint, the court shall then evaluate that amended complaint in accordance with 28 U.S.C. § 1915(e)(2).

Damage to reputation, humiliation, distress, and loss of wages, do not constitute independent causes of actions but generally describe the nature of relief that may be available to a plaintiff alleging the causes of action that Rabideaux presents in her complaint.

**IT IS THEREFORE ORDERED** that within **30 days** of this order, Rabideaux shall submit a single amended complaint wherein she provides additional information in accordance with the instructions set forth above. The court shall then review her complaint in accordance with 28 U.S.C. § 1915(e)(2) so as to resolve her motion to proceed in forma pauperis. If Rabideaux fails to timely submit an amended complaint or her amended complaint fails to cure the deficiencies in her several causes of action, the court shall grant motion to proceed in forma pauperis as to only her "wrongful arrest" claim, and all other potential claims shall be dismissed.

Dated at Milwaukee, Wisconsin this <u>6th</u> day of August, 2009.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge